UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61042-ALTMAN
MAGISTRATE JUDGE REID

CESAR R. DETRINIDAD,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

## *SUA SPONTE* REPORT OF MAGISTRATE JUDGE DISMISSING STATE HABEAS PETITION - 28 U.S.C. § 2554

### I. Introduction

The Petitioner's wife, Anna Stacia DeTrinidad, has filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on behalf of her husband, Cesar DeTrinidad, challenging the constitutionality of his arrest in Broward County Circuit Court, Case No. 19005253CF10A. It is unclear whose signature is on the last page under the certificate of service.

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing

Habeas Corpus Petitions in the United States District Courts.

Because it is evident that Petitioner's wife does not have standing to bring this action and summary dismissal is warranted, no order to show cause has been issued. See Rule 4, Rules Governing Section 2254 Proceedings; *see also, See e.g., Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002). A district court may *sua sponte* dismiss a habeas petition where the one-year limitations period has expired. *See Day v. Crosby,* 391 F.3d 1192 (11th Cir. 2004)(*citing Jackson v. Sec'y for the Dep't of Corr's,* 292 F.3d 1347, 1349 (11th Cir. 2002)).

## II. Procedural History

According to the petition the Broward Sheriff's office arrested Plaintiff on April 23, 2019. (DE# 1:1). Petitioner's wife claims the arrest was made pursuant to an unlawful unsigned warrant. (DE# 1:1). According to the docket, the state court conducted a hearing on April 24, 2019 and found probable cause for the arrest. (Broward County Circuit Court Docket, Case No. 19005253CF10A).[1]  On April 24, 2019, Petitioner's wife filed the instant petition in this court. (DE#1).

## III. Discussion and Applicable Law

The Federal Rules of Civil Procedure provide that an incompetent person who does not have a duly appointed representative may sue by a "next friend." Fed. R. Civ. P. 17(c)(2). However, the plaintiff has the burden to establish standing to

---

[1]Copies of relevant state and appellate court records are being filed by separate court order and made part of this habeas petition proceedings.

proceed on behalf of the real party and thereby to invoke the jurisdiction of the federal courts. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

In *Whitmore*, the Supreme Court detailed the requirements, stressing that next friend standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. First, the would-be next friend must prove that the real party in interest cannot pursue his own cause due to some disability such as mental incompetence or lack of access to court. *Id*. at 163-65. Second, the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest. *Id*. at 163-64. Ultimately, "the burden is on the 'next friend' clearly to establish the propriety of [her] status, and thereby justify the jurisdiction of the court." *Id*. at 164.

Even if Anna Stacia DeTrinidad could establish that she should be permitted to proceed as "next friend" she cannot proceed *pro se* to represent her husband. *See Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)("individuals not licensed to practice law by the state may not use the 'next friend' devise as an artifice for the unauthorized practice of law"). In a similar situation the Eleventh Circuit found that a mother, who was not an attorney, could not act as legal counsel for her minor child. *Fuqua v. Massey*, 615 F. App'x 611 (11th Cir. 2015)(citing *Devine v. Indian River Cnty. Sch Bd.*, 121F.3d 576, 581 (11th Cir. 1997). She does not allege that she is a

licensed attorney. Since Anna Stacia DeTrinidad is not an attorney for the named Plaintiff, any pleadings and or motions filed by her are a nullity.

A dismissal without prejudice does not prevent a party from amending the complaint nor does it prevent a real party from asserting his habeas claims if he is able to litigate his own cause.[2]

### IV. <u>Certificate of Appealability</u>

A prisoner seeking to appeal a district court's final order denying a petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right that jurists of reason would find

---

[2] Even if Petitioner had standing, dismissal without prejudice would likely be appropriate pursuant to the principle of *Younger* Abstention. Principles of equity, comity and federalism counsel abstention in deference to ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). Cesar DeTrinidad's criminal proceedings are ongoing in Broward County Circuit Court.

it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, petitioner may bring this argument to the attention of the district judge in objections.

## V. Conclusion

It is therefore recommended that the instant habeas petition be DISMISSED without prejudice for lack of jurisdiction.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed on this 20th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Cesar R. DeTrinidad**, *Pro Se*
625 SW 4th St
Hallandale Beach, FL 33009

Noticing 2254 SAG Broward and North
Email: CrimAppWPB@MyFloridaLegal.com