UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61042-CIV-ALTMAN/Reid

**CESAR R. DETRINIDAD**,

    Petitioner,

v.

**STATE OF FLORIDA**,

    Respondent.

_____/

## ORDER

On April 24, 2019, the wife of the Petitioner, Cesar R. Detrinidad, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on his behalf (the "Petition") [ECF No. 1]. Pursuant to Administrative Order 2019-2, the Clerk referred the case to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters [ECF No. 2]. On May 20, 2019, Judge Reid issued a *sua sponte* Report and Recommendation ("R&R"), recommending that the Petition be dismissed without prejudice for lack of jurisdiction [ECF No. 5]. To date, no objections to that R&R have been filed.

When a magistrate judge's "disposition" has been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when, as here, no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 is silent on the applicable standard of review when neither party has objected to the magistrate judge's report and recommendation, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—

and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the Eleventh Circuit has been clear that "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the R&R, the record, and the applicable law and can find no clear error in the R&R. In fact, the Court agrees that dismissal in this case is warranted. A district court may dismiss a complaint *sua sponte* either under Federal Rule of Civil Procedure 41(b) or based on the inherent power of the court to manage its own docket. *Taylor v. Nelson*, 356 F. App'x 318, 319 (11th Cir. 2009).

In this case, Judge Reid correctly points out two grounds on which the Petition should be dismissed. First, Ms. Detrinidad, who is not authorized to practice law, may not represent her husband *pro se*. Second, given the ongoing state criminal proceedings against the Petitioner—and for reasons of equity, comity, and federalism—the Petition should be dismissed on abstention grounds. *See Younger v. Harris*, 401 U.S. 37 (1971).

Accordingly, the Court hereby **ORDERS** that the Report and Recommendation [ECF No. 5] is **ACCEPTED AND ADOPTED**. The Petition [ECF No. 1] filed by the Petitioner, Cesar R. Detrinidad, is **DISMISSED without prejudice**. The Clerk of the Court is instructed to **CLOSE** the case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of June 2019.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc:   Petitioner, Cesar R. Detrinidad, *pro se*